United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2006

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 06-40255
Summary Calendar

_____

ROY MUDRICK; CAROL MUDRICK,

Plaintiffs-Appellants,

VERSUS

CROSS SERVICES INC.; CROSS LOGISTICS INC.; CROSS RENTALS INC.;
SES BOATS INC.,
FORMERLY KNOWN AS CROSS EQUIPMENT LTD.;
THE INVESTMENT GROUP INC.,
FORMERLY KNOWN AS CROSS EQUIPMENT INC.;
CROSS ARMATURE AND ELECTRIC INC.;
CROSS EQUIPMENT INC.; CROSS EQUIPMENT LTD.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
m 3:04-CV-593

_____

Before SMITH, WIENER, and OWEN,
   Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Roy and Carol Mudrick appeal a summary judgment determining that their decedent was a Jones Act seaman and a ruling that federal maritime law bars recovery. For the reasons stated below, we vacate and remand..

I.

Plaintiffs' son, Jonathan Mudrick, was fatally wounded when he was struck on the head by a steel anchor cable while working aboard a barge in Nikishi Bay, Alaska. His widow, acting on behalf of herself, her children, and the estate, negotiated a mediated settlement of $2,900,000.00 with Mudrick's employer, Cook Inlet Spill Prevention and Response, Inc. Both parties to the settlement agreed that, for purposes of the mediation, Mudrick was a Jones Act seaman.

The Mudricks sued under the Texas Wrongful Death Act, alleging negligence, strict liability, and breach of warranty. Defendants manufactured the stern anchor winch that Mudrick was operating at the time of his death. The Mudricks seek only non-pecuniary damages.

Defendants moved for the application of federal maritime law and for summary judgment that the decedent was a Jones Act seaman. The district court granted the motion, finding that Mudrick was a Jones Act seaman as a matter of law. The court ruled that federal maritime law applies because the injury

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

took place on navigable water and injury to a Jones Act Seaman has a potentially disruptive effect on maritime commerce. *See Scarborough v. Clemco Indus.*, 391 F.3d 660, 665 (5th Cir. 2004); *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). The court concluded, on the basis of *Scarborough*, 391 F.3d at 668, that the survivors of a Jones Act seaman cannot recover non-pecuniary damages from non-employer third-parties. Accordingly, the court dismissed the claims with prejudice.

II.

We review a summary judgment *de novo*. *Lee v. Wal-Mart Stores, Inc.*, 34 F.3d 285, 288 (5th Cir. 1994). We conclude that the district court did not apply the correct legal standard governing summary judgment on an issue as to which the moving party bears the burden of proof.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The district court applied the standard in *Celotex v. Catrett*, 477 U.S. 317, 323 (1986), under which, in the district court's words, "[t]he party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact'" (quoting *Celotex*, 477 U.S. at 323). The non-movant must then present "specific facts showing there is a genuine issue for trial." FED. R. CIV. P. 56(e).

The *Celotex* standard, however, is appropriate only where, as in that case, the non-moving party bears the burden of proof on the issue that the moving party seeks to have determined through summary judgment. Here,

because defendants seek legal benefit from a determination that Mudrick was a Jones Act Seaman, they bear the burden of proof on that issue. *See Bernard v. Binnings Constr. Co.*, 741 F.2d 824, 827 (5th Cir. 1984). Thus, to obtain summary judgment, defendants cannot force plaintiffs to come forward with "specific facts showing there [is] a genuine issue for trial" merely by pointing to parts of the record that defendants believe illustrate the absence of a genuine issue of material fact. Instead, defendants must establish, as a matter of law, all essential elements of their defense before plaintiffs can be obligated to bring forward any specific facts alleged to rebut defendants' case. *See Chaplin v. Nations Credit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

It is uncertain how consideration of defendants' motion under this more stringent standard would have affected the district court's decision. The court applied the Supreme Court's two criteria for determining whether someone is a Jones Act seaman. First, "the worker's duties must contribute to the function of the vessel or to the accomplishment of its mission." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 376 (1995). Second, "the worker must have a connection to a vessel in navigation (or an identifiable fleet of vessels) that is substantial in terms of both its duration and its nature." *Id*. Notwithstanding the district court's citation of *Celotex*, it appears from its discussion of the first requirement that it believed that the defendants had proved as a matter of law that Mudrick had satisfied the first criterion and that this showing had been insufficiently rebutted by plaintiffs.

It is less obvious, however, whether the court would have come to a similar conclusion with respect to the second criterion, the duration of Mudrick's connection to a vessel in navigation, had it applied the standard for summary judgment that we have stated above. The court provided sparse discussion of plaintiffs' objections to the accuracy of decedent's timesheets and gave no explanation (other than pointing out that 32% exceeded the minimum threshold to be determined a Jones Act seaman) to support its determination that, under the circumstances of this case, the percentage of time decedent spent working in connection with a vessel was enough to establish conclusively his status under the second criterion.

We VACATE the summary judgment and remand for reconsideration. Because the district court's application of federal maritime law and its dismissal of plaintiffs' claims are predicated on its finding that Mudrick was a Jones Act seaman as a matter of law, we VACATE these orders as well and remand for further proceedings as needed.